IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**ALLISON STEERS**
4059 Mary Drive
Onalaska, WI 54650

        Plaintiff,

   v.

**DF INSTITUTE, LLC d/b/a KAPLAN PROFESSIONAL**
900 North Point Parkway, Suite 250
Alpharetta, Georgia 30005

        Defendant.

Case No.: 19-cv-739

**JURY TRIAL DEMANDED**

---

## COMPLAINT

NOW COMES the Plaintiff, Allison Steers, by her attorneys, Hawks Quindel, S.C., through Nicholas E. Fairweather, Caitlin M. Madden, and Lili C. Behm, and hereby states the following as her Complaint in the above-referenced matter:

### NATURE OF PROCEEDINGS

1. Plaintiff, Allison Steers, brings this civil action against Defendant, DF Institute, LLC d/b/a Kaplan Professional, claiming wage discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391, because Defendant resides in this district, and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff, Allison Steers, was an adult resident of the State of Wisconsin at all times relevant hereto.

5. Defendant, DF Institute, LLC d/b/a Kaplan Professional, ("Kaplan"), is a foreign limited liability company with its principal office located at 900 North Point Parkway, Suite 250, Alpharetta, Georgia 30005. Its registered agent for service in Wisconsin is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

6. Kaplan is an "employer" within the meaning of 29 U.S.C. § 203(d) and an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Kaplan to work for "Kaplan Professional" in March 2010 as an Inside Sales Representative in La Crosse, Wisconsin.

8. In August 2017, Plaintiff was internally recruited into the role of Inside Sales Manager.

9. In October 2017, Plaintiff's title was officially changed to "Inside Sales Manager."

10. Starting on or around October 1, 2019, Plaintiff's salary as Inside Sales Manager was $88,500.00.

11. Plaintiff was not given the opportunity to earn bonuses as an Inside Sales Manager.

12. As Inside Sales Manager of the KPE team, Plaintiff initially supervised a team of seven (7) employees.

13. As Inside Sales Manager, Plaintiff's job duties included monitoring and managing team productivity and accountability.

14. As Inside Sales Manager, Plaintiff's job duties included resolving issues to ensure client retention and satisfaction.

15. As Inside Sales Manager, Plaintiff's job duties included managing a book of business and growing that book of business.

16. In March 2018, the manager of the "KITT" team resigned, and Plaintiff was given the additional responsibility of supervising two (2) KITT team members, in addition to learning the KITT product line and processes, in addition to continuing her duties supervising the KPE team.

17. In April 2018, the manager of the "SmartPros" product line was terminated, and the two (2) Inside Sales employees selling the "SmartPro" product line were added to Plaintiff's team, meaning her total direct reports amounted to eleven (11).

18. In July 2018, due to another employee's departure, Plaintiff was also assigned the responsibility of supervising an additional twelve (12) member team, the Wealth Management Team, for three (3) months. During this period, Plaintiff

supervised the Wealth Management Team, the KPE team, the KITT team, and the SmartPros team.

19. Defendant hired Brant Williams ("Mr. Williams") as Senior Vice President of Sales in July 2018.

20. In or around July 2018, Nick Black ("Mr. Black") was hired by Kaplan as an Outside Sales Manager. He had not previously worked for Kaplan.

21. Upon information and belief, Mr. Black was compensated at a higher salary than Plaintiff.

22. Upon information and belief, Mr. Black had similar job duties as Plaintiff.

23. Upon information and belief, Mr. Black supervised fewer sales representatives, fewer product lines, and fewer accounts than Plaintiff.

24. In August 2018, Plaintiff was assigned two (2) new sales employees from another product line, SmartPros.

25. In December 2018, under Plaintiff's supervision, the KPE team hit its annual quota for the first time in six (6) years.

26. Plaintiff asked Mr. Williams if she would get a bonus given that her KPE team had met its quota, and because she was supervising more employees than when she first accepted the Inside Sales Manager role.

27. Mr. Williams told Plaintiff that a bonus was not in the budget but that he would look into a merit increase.

28. Upon information and belief, Mr. Black was eligible for a bonus program as of December 2018.

29. In January 2019, Plaintiff was given a 2.5% merit increase, raising her salary to $90,712.50.

30. In January 2019, three (3) sales employees from the "College" team were added to the employees Plaintiff supervised, making a total of fourteen (14) reports on her team and an additional product line to learn.

31. On multiple occasions, Plaintiff asked for additional support given that her team size had been nearly doubled and her salary had not been increased accordingly.

32. On March 20, 2019, Plaintiff resigned her employment with Defendant.

33. Kevin Holland ("Mr. Holland"), who was employed by Kaplan as an Outside Sales Manager from March 2017 to April 2018, was paid a salary in excess of $200,000.00 annually and was eligible to receive bonuses, despite having no experience in the financial services industry upon hire.

34. During his employment, Mr. Holland supervised a team with fewer reports, fewer product lines, and fewer accounts than Plaintiff.

35. Upon information and belief, Mr. Holland and Mr. Black had similar job duties as Plaintiff while employed as Outside Sales Managers.

36. Plaintiff was not eligible to receive bonuses at any point in her employment.

## CAUSE OF ACTION:
## VIOLATION OF THE EQUAL PAY ACT
## 29 U.S.C. § 206(d)

37. Plaintiff re-alleges and re-incorporates by reference the allegations contained in the above paragraphs.

38. Defendant paid similarly situated male employees, including Nick Black and Kevin Holland, a higher salary than Plaintiff for jobs which required equal skill, effort, and responsibilities under similar working conditions.

39. Defendant engaged in a pattern and practice of unequal pay between similarly situated male and female workers for jobs which required equal skill, effort, and responsibilities under similar working conditions.

40. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate unequal pay based on gender from the workplace and prevent it from occurring in the future.

41. As a direct and proximate result of Defendant's pattern and practice of unequal pay between similarly situated male and female workers for jobs which required equal skill, effort, and responsibilities under similar working conditions, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff demands Judgment against Defendant, awarding her:

A. The difference between the compensation paid to Plaintiff and that paid to similarly situated male employees, including, but not limited to, differences is salary and bonuses, pursuant to 29 U.S.C. § 206(d);

B.    A finding that Defendant's actions were willful under 29 U.S.C. § 255;

C.    Liquidated damages in an amount equal to the amount awarded to Plaintiff as damages, as provided in 29 U.S.C. § 216(b);

D.    All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b); and

E.    Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under the Equal Pay Act.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all questions of fact and law raised by her complaint.

Dated this 9th day of September, 2019.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Allison Steers*


By:   */s/ Nicholas E. Fairweather*
Nicholas E. Fairweather, State Bar No.: 1036681
Email: nfairweather@hq-law.com
Caitlin M. Madden, State Bar No.: 1089238
Email: cmmaden@hq-law.com
Lili C. Behm, State Bar No.: 1107458
Email: lbehm@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236